Dear Chief Dale:
This office is in receipt of your request for an opinion of the Attorney General in regard to the City of Harahan Police Department accepting donations of police vehicles from companies involved with gaming. You indicate you are in a small municipality without any large industry to bring in revenues, and the Department is always looking for ways to supplement its budget. At this time your newest vehicles are from 1993, and the oldest from 1989. The Treasure Chest Casino has offered to supply vehicles and equipment for the use of the Police Department with a small decal on the fender that states "sponsored by the Treasure Chest Casino", and "if you think or have a gambling problem, call * * *." The Casino is about seven miles from the City of Harahan. Therefore, it is outside of the jurisdiction of the Harahan Police Department and no revenue is received from the Casino, and the Department does not respond to any calls that are placed by them.
You ask whether the Department is permitted to accept this donation of vehicles and equipment for the vehicles from the Casino, and if not from the Casino, what types of companies would be permitted to make this type of donation.
We find no prohibition with regard to the acceptance of the donation of vehicles by the Police Department from the Casino or any other company for this office recognized in Atty. Gen. Op. 02-288 that the City of Hammond could receive the donation of funds for the web casting of city council meetings by reimbursement for the cost of the equipment needed for the web cast by Entergy, and could acknowledge it during the web cast. This office stated, "Although Article 7, Section 14 of the Louisiana Constitution prohibits the state or any of its political subdivisions from donating public funds or assets, it does not in anyway prohibit the state or a political subdivision from receiving a donation." Additionally, this office observed, "Certainly donations can be made with a condition and we see no problem with the City acknowledging the donation during the web cast."
Moreover, this office stated In Atty. Gen. Op. 01-263, "It is important to note that donations to police departments are almost always considered to be public-spirited in nature, in accordance with La.R.S. 4:707(B), and therefore are a permissible use of charitable gaming funds. As such, any charitable organizations who wished to donate gaming proceeds to the City of Marksville would generally be allowed to do so."
However, the donations herein are not from charitable gaming funds, but we feel when considering the value of the police vehicles in relation to the value of the acknowledgment by the decals as a form of advertisement, this does not appear to be within the scope of the constitutional provision that prohibits donation of public funds insofar as the value received in return for the acknowledgment of the donor.
Also, we find it significant that the Harahan Police Department has no authority in Kenner where the Casino is located, and therefore, does not respond to any calls at the site.
In regard to the statement on the decal "if you think or have a gambling problem, call * * *", we would point out that R.S. 27:27.3
provides for advertisement of gaming activities in print the toll-free telephone number of the National Council on Problem Gambling or a similar toll-free number approved by the board shall be placed on such advertisement. The toll-free telephone number is 1-877-770-STOP (7867).
Accordingly, we would conclude that a police department would be permitted to accept the donation of the vehicles and equipment from the Treasure Chest Casino along with the condition of the placement of the requested decals on the vehicles, and above referenced telephone number.
We hope this sufficiently responds to your inquiry.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
 BY:___________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: April 8, 2003
BARBARA B. RUTLEDGE
ASSISTANT ATTORNEY GENERAL